UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Barry Allen Gabelman,<br><br>                    Plaintiff,<br>vs.<br><br>FBI Special Agent, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-00039-JAD-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 2) AND COMPLAINT (ECF NO. 1-1) |

    Pro se plaintiff Barry Allen Gabelman filed an application to proceed in forma pauperis and a proposed complaint ECF Nos. 2 and 1-1. I grant his IFP application. ECF No. 2. I dismiss the plaintiff's complaint without prejudice. ECF No. 1-1.

    **I.**    **Plaintiff's IFP Application**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments,

regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

Plaintiff is currently incarcerated. ECF No. 2. Plaintiff filed a declaration and a certified copy of the trust fund account statement per 28 U.S.C. § 1915(a)(2). Plaintiff's average monthly balance is $0, and his average monthly deposits are $0. The institution calculated that his partial filing fee should be $0. I grant plaintiff's IFP application.

Since plaintiff's monthly deposit is currently so low, I will exercise my discretion and waive the initial installment of the filing fee. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The

entire $350 filing fee will remain due and payable and will be collected from plaintiff's institutional account regardless of the outcome of this action.

## II. Plaintiff's Complaint

### a. Legal Standard

Since I grant plaintiff's IFP application, I must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must Luckett "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "[W]hen a plaintiff files an amended complaint, '[t]he

amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a [civil rights] complaint under the Civil Rights Act of 1871 ... 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004). "Challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus ...; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* Under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), when the success of a plaintiff's civil rights claim would "necessarily imply the invalidity of his conviction or sentence," the plaintiff cannot proceed with the claim for damages unless the conviction or sentence has been invalidated. *Id.* at 487; see also, *Valdez v. United States*, 651 F. App'x 626, 627 (9th Cir. 2016) ("To the extent that Valdez seeks release from prison, or modification or commutation of his sentence, dismissal [of his Bivens action] was proper because his "exclusive remedy is a writ of habeas corpus.").

The Ninth Circuit has held that a "§ 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000), overruled in part on other grounds by *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007).

### b. Analysis

Plaintiff brings claims for violations of his Second and Fourth Amendment rights related to his "false arrest" per a "forged arrest warrant" and the seizure of his gun. ECF No. 1-1. Plaintiff alleges that

the defendant law enforcement agents' "corruption, greed, and ambition" led them to, "filing criminal charges on an innocent man." *Id.* at 14.

These claims are not properly raised in a civil rights complaint and should instead be raised in a habeas petition under 28 U.S.C. § 2241. Plaintiff does not have standing to bring these claims related to his alleged false arrest because plaintiff states that he is still incarcerated because of this false arrest. Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Plaintiff cannot challenge the seizure of his gun because his claim does not accrue until his criminal charges have been dismissed or his conviction has been overturned. Plaintiff's claims challenge the validity of his confinement, and thus he fails to state a claim against the defendants. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action. Plaintiff fails to articulate claims against defendants in this action. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice.

I dismiss the plaintiff's complaint without prejudice, with leave to refile. If plaintiff chooses to amend his complaint, he must comply with Rule 8. Plaintiff's amended complaint must be complete in itself, without reference to the previous complaint.

ACCORDINGLY,

I ORDER that Luckett's application to proceed in forma pauperis (ECF Nos. 2) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

5

I FURTHER ORDER that plaintiff has until Wednesday, June 14, 2023, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

I FURTHER ORDER that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Southern Detention Center must forward payments from the account of Barry Allen Gabelman (56107-048) to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

I FURTHER ORDER that the Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to the Nevada Southern Detention Center Accounting Supervisor, 2190 East Mesquite Ave, Pahrump, NV 89060.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2)

failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 15th day of May 2023.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE